IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV389-02-MU


DOUGLAS WADE MELTON,        )
    Plaintiff,        )
                )
     v.        )
                )
(FNU) SUMMERS, Captain at )
  the Rutherford County  )
  Detention Facility[1];  )        O R D E R
SHERRIE SIMMONS, Lieu-    )
  tenant at RCDF;        )
(FNU) WARREN, Nurse at    )
  the RCDF; and        )
THE RUTHERFORD COUNTY     )
  DETENTION FACILITY,[2]  )
  Defendants.        )
_____)

    **THIS MATTER** comes before the Court on Plaintiff's civil

rights Complaint under 42 U.S.C. §1983, filed August 20, 2008.

For the reasons stated herein, the instant action will be <u>denied</u>

and <u>dismissed</u>.

    By his Complaint, Plaintiff alleges that on occasions be-

tween April and November of 2007 and between March 30 and May 19,

2008, his constitutional rights were violated in that his

requests for otherwise unspecified "medical attn" were ignored

---

[1]Rutherford County Detention Facility hereafter will be referred to as the "RCDF."

[2]This Defendant is not a "person" under relevant law; therefore, Plaintiff cannot press his civil rights claims against this entity. See <u>Preval v. Reno</u>, 57 F. Supp.2d 307, 301 (E.D. Va 1999) ("The Piedmont Regional Jail is not a 'person' and therefore not amenable to suit under 42 U.S.C. § 1983).

and his grievances went unanswered.  Plaintiff asks the Court for "injunctive or monetary [relief], which ever the Courts see fit after hearing the factual basis."  Notwithstanding his obvious belief to the contrary, however, it is clear that this Complaint must be dismissed.

To be sure, Plaintiff has failed to explain what type of medical attention he believes he needed or why he believes he needed the attention.  Plaintiff also has failed to allege that he was exposed to any risk of harm as a result of Defendants' failure to give him the subject attention.  However, it is well settled that to survive a review for factual frivolity, a plaintiff proceeding in forma pauperis, as in this case, cannot rely merely upon "conclusory allegations" Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996), citing White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989).  To put it another way, a plaintiff "must present more than naked allegations" to survive dismissal.  Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).  Consequently, Plaintiff's Complaint must be rejected on this ground.

Moreover, even if the Court were to excuse the foregoing deficiencies, it has not escaped the undersigned's attention that Plaintiff also has failed to allege that he suffered any injury, de minimis or otherwise, from having gone without the requested attention.  Such omission is all the more revealing in light of the fact that Plaintiff clearly was in the position to include

2

such an allegation if there had been facts to support it. Thus, because the law excludes from constitutional recognition conduct which gives rise to _de minimis_ injury, Plaintiff's Complaint simply is doomed. _See generally_ _Riley v. Dorton_, 115 F.3d 1159, 1167 (4th Cir. 1997). _But cf_. _United States v. Perkins_, 470 F.3d 150(4th Cir. 2006) (where Court concluded that mere "physical pain" met the broader definition of "bodily injury" as applied under criminal provisions 18 U.S.C. §§831(f)(5), 1365(g)(4), 1515(a)(5) and 1864(d)(2), and affirmed felony assault conviction under 18 U.S.C. §242). Consequently, the instant Complaint must be _denied_ and _dismissed_.

**NOW, THEREFORE, IT IS ORDERED THAT** Plaintiff's Complaint is **DENIED and DISMISSED.** _See_ 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 28, 2008

Graham C. Mullen
United States District Judge